UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Carlos Herrera, on behalf of himself and all others similarly situated,<br><br>　　*Plaintiff*,<br><br>　　v.<br><br>Humana, Inc.,<br><br>　　*Defendant*. | Civil Action No. 23-11948 (MEF)(AME)<br><br>**OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the allegations and procedural history of this case.

\*   \*   \*

The Plaintiff's allegations are as follows.

The Plaintiff tried to access the Defendant-insurer's website to determine whether "his doctor[]s [were] in-network with [the Defendant's] insurance offerings." Amended Complaint ¶ 19. But the Plaintiff is blind, and the website did not have features that allowed him to use screen-reading software. See id. at ¶¶ 5-6, 9-10, 19, 21. Because of this, the Plaintiff was unable to use the website. See id. at ¶¶ 12, 22.

Per the Plaintiff, this adds up to a violation of the Americans with Disabilities Act ("ADA"). See id. at ¶¶ 40-45.

\*   \*   \*

To make out an ADA violation, a person must allege they were "discriminated against on the basis of disability in the full and equal enjoyment" of "any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); see also McGann v. Cinemark USA, Inc., 873 F.3d 218, 221-22 (3d Cir. 2017).

The Defendant has filed a motion to dismiss, arguing that the statutory requirements are not met.  See Motion to Dismiss at 1.  The reason: a website is not "a place of public accommodation" unless it has a nexus to a physical location --- and here there is none.  See id. at 9.

The Plaintiff disagrees.  He argues that websites are "place[s] of public accommodation," and are therefore covered by the ADA.  See Brief in Opposition at 2-5.  And he presses an alternative argument, too: even if a nexus to a physical location is required, there is one here.  See id. at 4.

The Court concludes that under binding Third Circuit precedent the ADA is not in play here.  This means that the Plaintiff has no standing, because he does not allege an injury to a legally protected interest, which standing doctrine requires.

                        *    *    *

As to the Plaintiff's first argument, there is a circuit split.  As used in the ADA, is "place of public accommodation" focused solely on physical locations?  Or does "place of public accommodation" include a non-physical place (including, for example, a website)?  See Peoples v. Discover Fin. Servs., 387 F. App'x 179, 183 (3d Cir. 2010).

The Third, Sixth, and Ninth Circuits have held that "place[s] of public accommodation" are focused on physical locations.  See id.; Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019); Parker v. Metropolitan Life Ins. Co., 121 F.3d 1006, 1010-11 (6th Cir. 1997).[1]  As the Third Circuit has put it: "[o]ur court is among those that have taken the position that the term is limited to physical accommodations." Peoples, 387 F.

---

[1]  District courts in the Eleventh Circuit have held that this is the correct approach.  See Gomez v. Gen. Nutrition Corp., 323 F. Supp. 3d 1368, 1375-76 (S.D. Fla. 2018); Price v. Everglades Coll., Inc., 2018 WL 3428156, at *2 (M.D. Fla. July 16, 2018); Fuller v. Smoking Anytime Two, LLC, 2018 WL 3387692, at *2 (S.D. Fla. July 11, 2018); Gomez v. Bang & Olufsen Am., Inc., 2017 WL 1957182, at *3-4 (S.D. Fla. Feb. 2, 2017).  But the Eleventh Circuit has only explicitly so held in an opinion that was subsequently vacated on a petition for rehearing as moot because the challenged injunction expired while the appeal was pending.  See Gil v. Winn-Dixie Stores, Inc., 21 F.4th 775, 776 (11th Cir. 2021).

App'x at 183; see also Ford v. Schering-Plough Corp., 145 F.3d 601, 612 (3d Cir. 1998) ("[t]he plain meaning of [the relevant part of the ADA] is that a public accommodation is a place").[2]

The First and Seventh Circuits are on the other side of the split. They have held that "public accommodation[s]" for ADA purposes are not limited to physical places. See Morgan v. Joint Admin. Bd., Ret. Plan of the Pillsbury Co., 268 F.3d 456, 459 (7th Cir. 2001); Carparts Distribution Ctr., Inc. v. Auto Wholesalers Ass'n of New England, Inc., 37 F.3d 12, 19 (1st Cir. 1994).

Given the Third Circuit's emphasis on physical location, the Plaintiff's argument that a website, on its own, is a public accommodation is foreclosed by precedent. The majority of district court cases in the Third Circuit have so held. See Herrera v. Nike, Inc., 2024 WL 3159295, at *3 (D.N.J. June 25, 2024); Murphy v. Spongelle LLC, 2024 WL 532173, at *4-6 (W.D. Pa. Feb. 9, 2024); Mahoney v. Waldameer Park, Inc., 2021 WL 1193240, at *4 (E.D. Pa. Mar. 30, 2021); Mahoney v. Herr Foods Inc., 2020 WL 1979153, at *3 (E.D. Pa. Apr. 24, 2020); Mahoney v. Bittrex, Inc., 2020 WL 212010, at *2 (E.D. Pa. Jan. 14, 2020); Tawam v. APCI Fed. Credit Union, 2018 WL 3723367, at *6 (E.D. Pa. Aug. 6, 2018); Walker v. Sam's Oyster House, LLC, 2018 WL 4466076, at *2 (E.D. Pa. Sept. 18, 2018); cf. Doe v. Indep. Blue Cross, 2023 WL 8050471, at *7 (E.D. Pa. Nov. 21, 2023); Laufer v. Aark Hosp. Holdings, LLC, 2021 WL 6062269, at *5 n.4 (D.N.J. Dec. 22, 2021); Demetro v. Nat'l Assoc. of Bunco Investigations, 2019 WL 2612687, at *15 (D.N.J. Jun. 25, 2019).[3]

The majority of district courts in circuits that take the same approach as the Third Circuit have come to the same conclusion.

---

[2]  The Third Circuit has been asked to reconsider its prior decision limiting "public accommodation[s]" to physical places. See Peoples, 387 F. App'x at 183. The Court declined to do so, because it was "bound by [its] precedent." See id.

[3]  The cases that go the other way seem to all be from the Western District of Pennsylvania, where Judge Schwab has charted a different course. See Douglass v. Blendjet Inc., 2022 WL 4386636, at *4 (W.D. Pa. Sept. 22, 2022); West v. DocuSign, Inc., 2019 WL 3843054, at *4 (W.D. Pa. Aug. 28, 2019); Suchenko v. ECCO USA, Inc., 2018 WL 3933514, at *3 (W.D. Pa. Aug. 16, 2018); Gniewkowski v. Lettuce Entertain You Enters. Inc., 251 F. Supp. 3d 908, 915 (W.D. Pa. 2017).

That is: under the "physical" approach, a website, on its own, is not a public accommodation.  See Erasmus v. Chien, 650 F. Supp. 3d 1050, 1058 (E.D. Cal. 2023); Erasmus v. Dunlop, 2022 WL 2805961, at *5 (E.D. Cal. July 18, 2022); Brooks v. Lovisa Am., LLC, 2022 WL 4387979, at *4 (E.D. Cal. Sept. 22, 2022); Brooks v. Lola & Soto Business Grp., Inc., 2022 WL 616798, at *7, *7 n.5 (E.D. Cal. Mar. 2. 2022); Langer v. Am. Auto. Assoc., Inc., 2022 WL 16838795, at *2 (S.D. Cal. Nov. 9, 2022); Langer v. Pep Boys Manny Moe & Jack of Cal., 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021); Langer v. Carvana, 2021 WL 4439096, at *3 (C.D. Cal. Aug. 24, 2021); Cullen v. Netflix, Inc., 800 F. Supp. 2d 1017, 1023-24 (N.D. Cal. 2012); Young v. Facebook, Inc., 790 F. Supp. 2d 1110, 1115-16 (N.D. Cal. 2011); Ariza v. Coffee Beanery, Ltd., 643 F. Supp. 3d 1334, 1338 (S.D. Fla. 2022); Ariza v. Broward Design Ctr., Inc., 2022 WL 10262037, at *2 (S.D. Fla. Nov. 29, 2022); Gomez, 323 F. Supp. 3d at 1375-76; Price, 2018 WL 3428156, at *2; Fuller, 2018 WL 3387692, at *2; Bang & Olufsen Am., Inc., 2017 WL 1957182, at *3-4.

In light of this, the Court concludes that the "the Third Circuit's decisions in Ford and Peoples compel[] the conclusion that Defendant's website, on its own, is not a public accommodation under the ADA." Herr Foods Inc., 2020 WL 1979153, at *3.

*   *   *

This, though, is not the end of the matter.

The Third Circuit has held that something can count as a "public accommodation" if there is "some 'nexus' between the physical place of public accommodation and the services denied in a discriminatory manner." Menkowitz v. Pottstown Mem'l Med. Cntr., 154 F.3d 113, 120 (3d Cir. 1998).

Applying this principle, district courts within the Third Circuit have held that a website can count as a "public accommodation" if there is a nexus between the website and a physical location.  See Murphy, 2024 WL 532173, at *5-6; Nike, Inc., 2024 WL 3159295, at *3; Walker, 2018 WL 4466076, at *2; Tawam, 2018 WL 3723367, at *7.

To allege a sufficient nexus, the discrimination must "relate[] to the equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations on physical property

4

that" the Defendant "owns, leases, or operates." Peoples, 387 F. App'x at 184.

But the Plaintiff has not alleged a nexus, because he has not alleged any connection to "physical property" that the Defendant-insurer "owns, leases, or operates." Instead, the Plaintiff alleges that he was denied access to doctors' offices that accept the Defendant's insurance. See Amended Complaint ¶¶ 22, 24.

Doctors' offices are physical locations. But this is not enough to establish a nexus under the Third Circuit's decision in Peoples --- which held that a connection between on-line services and physical locations owned by an entirely separate third party do not provide a sufficient nexus. See Peoples, 387 F. App'x at 184 ("the evidence is that [the plaintiff] used his Discover Card to pay for the transactions . . . and, though [the Defendant's] credit services can be used by cardmembers at a merchant's place of accommodation, [the defendant] itself does not own, lease or operate those locations. Thus, because [the defendant's] alleged discrimination (i.e., the supposedly insufficient investigation of [the plaintiff's] fraud claim) in no way relates to the equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations on physical property that [the defendant]. . . owns, leases, or operates the District Court correctly granted summary judgment against [the plaintiff] on his ADA claim") (cleaned up); see also Young, 790 F. Supp. 2d at 1115 (rejecting an argument that there was a nexus between Facebook and a physical public accommodation due to Facebook selling gift cards because "while the retail stores that sell Facebook gift cards may be places of accommodation, [the plaintiff] does not allege that Facebook, Inc. 'owns, leases (or leases to) or operates' those stores. Facebook's internet services thus do not have a nexus to a physical place of public accommodation for which Facebook may be liable under the statute.").

\*   \*   \*

For the reasons set out above, the Plaintiff has failed to allege an injury to a legally protected interest under the ADA. And in order for the Plaintiff to have standing, he must make such an allegation. See, e.g., Assoc. Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty., 81 F.4th 279, 288 (3d Cir. 2023); see also Tugboat Invs. LLC v. Bank of Am., N.A., 2023 WL 2390661, at \*2 (E.D. Pa. Mar. 6, 2023); Wuillamay v. Werblin, 364 F. Supp. 237, 240 (D.N.J. 1973). Therefore, the Plaintiff does not have standing.

5

\*   \*   \*

The Plaintiff's complaint is dismissed.  If the Plaintiff wishes to file a second amended complaint, he shall seek permission to do so.  The request shall include the proposed second amended complaint, and be filed on or before September 25.

IT IS on this 15th day of August, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.